United States District Court
Southern District of Texas
FILED

JAN 11 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF AMERICAN | § | |
| COMMERCIAL LINES LLC AS OWNER | § | |
| and AMERICAN COMMERCIAL BARGE | § | C.A. NO. B-02-004 |
| LINE LLC AS CHARTERER OF THE | § | (Subject to Rule 9(h) |
| BARGES NM-315, VLB-9182, | § | of the Federal Rules |
| ACL-9933B, VLB-9173, PRAYING | § | of Civil Procedure) |
| FOR EXONERATION FROM AND/OR | § | Admiralty |
| LIMITATION OF LIABILITY | § | |

## COMPLAINT FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY

Commercial Barge Line LLC ("ACBL") (jointly referred to as "Petitioners") as charterer and operator of the Barges NM-315, VLB-9182, ACL-9933B, and VLB -173 (jointly referred to as "the Barges") in a cause of exoneration from or limitation of liability, civil and maritime, under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty and Maritime Claims, as well as 46 U.S.C. §183, et seq., alleges on information and belief as follows:

I.

At all material times, Petitioners were limited liability corporations, organized and existing pursuant to the laws of the State of Delaware, having their principal place of business at Jeffersonville, Indiana.

II.

ACL was and now is the owner of the Barges and ACBL was and now is the charterer of the Barges.

### III.

The Barges are, and at all material times were, unmanned, typical inland cargo hopper barges, without motive power.

### IV.

Both ACL and ACBL used due diligence to make the Barges tight, strong, staunch and seaworthy and, to their knowledge, they were, prior to the described casualty, tight, strong, properly equipped, and, in all respects, seaworthy and fit for the services in which they were engaged.

### V.

On or about September 15, 2001, the M/V BROWN WATER V, bareboat chartered Brown Water Marine Service, Inc. ("Brown Water"), had the Barges in tow. The towage commenced on or about September 14, 2001 and terminated on or about September 15, 2001. Petitioners had no employees or representatives aboard either the Barges or the M/V BROWN WATER V, and the Barges were under the sole care, custody, and control of Brown Water and the captain and crew of the M/V BROWN WATER V, who were solely responsible for the Barges' navigation.

### VI.

On September 15, 2001, the M/V BROWN WATER V and its tow of barges came into contact with the Port Isabel Causeway causing damage to the Causeway and resulted in personal injury, death, and property damage, as well as other possible damages.

### VII.

The accident was not due to any fault, neglect, or want of due care on the part of

Petitioners nor of the Barges, nor anyone for whom Petitioners may be responsible.

## VIII.

Petitioners deny that their vessels are liable to any extent for any claims arising out of the aforesaid accident and claim exoneration from all losses occasioned or incurred by reason of or resulting from the aforementioned accident. Alternatively, if the Court should adjudge either Petitioner liable to any extent, both aver that the casualty occurred without their privity or knowledge, and claim the benefit of limitation of liability as provided in Sections 183 through 189, inclusive, of Title 46 of the United States Code, and of the various statutes supplementary thereto and amendatory thereof and of any and all other applicable law and jurisprudence, including Rule F of the Supplemental Rules of Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

## IX.

Six months have not elapsed from the date of the casualty nor from the first written notice of any claim arising from said incident.

## X.

As per the attached Affidavit of Duane Krohn, on September 15, 2001, the Barge NM-315 had a value of $110,000.00, the Barge VLB-9182 had a value of $150,000.00, the Barge ACL-9933B had a value of $275,000.00, and the Barge VLB - 173 had a value of $150,000.00. On that date, the Barge NM-315 had pending freight of $27,797.00, the Barge VLB-9182 had pending freight of $26,250.00, the Barge ACL-993B had pending freight of $31,179.00, and the Barge VLB-9173 had pending freight of $18,253.00.

## XI.

Petitioners show if they should be held liable in any degree to any party, which is denied, then their liability should be limited to and not exceed the amount of the value of their interest in the Barges and their pending freight, for a total of $788,479.00, with interest at 6% per annum and for all costs for payment of Petitioners' interest, as aforesaid, into this Court.

## XII.

Petitioners are also prepared, with respect to security and due appraisal, to comply with the provisions of Rule F(1) and (7) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, when and if the Court should so order. Petitioners specifically reserve the right to apply to this Court to reduce the amount of the limitation fund in accordance with any final valuation and applicable law and statute.

## XIII.

The tender of the value of the Barges herein is also without prejudice, and with full reservation of rights, to assert and claim tonnage limitations of liability allowed under any laws and regulations applicable to the casualty.

## XIV.

To date, Petitioners have received one written claim arising out of the accident, a letter of November 16, 2001 allegedly sent by Kathryn S. Nilram of Fort Worth, Texas, alleging a claim for reimbursement of expenses of $646.52 as a result of her stranding on South Padre Island, Texas as a result of damages to the Queen Isabela Causeway. Petitioners believe there may be other claims made against them and/or the Barges. Petitioners aver that the potential amounts which may be claimed may exceed the value of Petitioners' interest in the vessels. Petitioners are

not aware of any other outstanding and uncompensated demands other than as set forth above, and specifically are not aware of any unsatisfied liens or claims of lien, arising out of the casualty.

## XV.

To Petitioners' knowledge, no suits have been commenced to date against them for any losses or damages occasioned by or in any manner consequent upon the aforesaid accident.

## XVI.

Petitioners are ready and willing to give a letter of undertaking in the usual form, in the amount or value of Petitioners' interest in the Barges and their pending freight, the appropriate interest from the date of the letter and costs and are prepared to give an ad interim stipulation with sufficient surety whenever the same shall be ordered as provided in the applicable statutes and Rule F of the Supplemental Rules of Civil Procedure and the Rules and Practices of this Honorable Court and subject to such appraisal as the Court may direct.

## XVII.

Petitioners hereby offer their letter of undertaking in the full amount of the value of the Barges and their pending freight, together with interest at the rate of 6% per annum from the date of the letter of undertaking and for costs. Said letter of undertaking being to secure the payment into Court whenever the Court shall so order, of the aggregate amount of the value of Petitioners' interest in the Barges and their pending freight.

## XVIII.

All and singular, the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

Page 5

WHEREFORE, Petitioners pray that:

1. That this Court issue an Order approving the Ad Interim Stipulation as to the value of the Barges secured by the Letter of Undertaking in the amount of the value of the Barges and their pending freight as of September 15, 2001, in addition to costs of court and interest at the rate of 6% per annum, and that the Court order such increases and decreases in such stipulation as the Court may, from time to time, deem proper; and

2. That this Court make an Order directing the issuance of a Monition to all persons, firms, or corporations who might have any claim arising out of the incident in question, citing them to file their claims with the Clerk of this Court and to serve a copy of said claims upon the attorneys for Petitioners on or before the time fixed by the Court in the Monition, or be forever barred and permanently enjoined for making and filing such claims, to make due proof of their respective claims thereafter, and also to appear and answer the allegations of this Petition according to the law and rules and practices of this Court at or before a certain time to be fixed by the Monition; and

3. That the Court issue an injunction restraining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained, arising out of, or resulting from the occurrence hereinabove described and restraining the commencement and prosecution hereafter of any suit, action, or legal proceedings of any nature or description whatsoever,

except in the present proceedings, against the Petitioners, the Barges, or their agents or representatives, or their insurers, or any other person whatsoever for whom the Petitioners may be responsible with respect to any claim arising out of the aforesaid accident of September 15, 2001; and

4. That the Court in this proceeding find that Petitioners and the Barges are not liable to any extent whatsoever, for damage of any kind arising out of the matter aforesaid, and that they be exonerated from any and all liability that has or may be claimed against them as a result of the accident of September 15, 2001. Alternatively, if the Petitioners shall be adjudged liable, then such liability be limited to the amount of the value of Petitioners' interest in the Barges and their pending freight immediately after the incident of September 15, 2001 and that the money paid or secured to be paid as aforesaid be divided pro-rata among such claimants as they may duly prove their claims before this Court saving to all parties any priorities to which they be legally entitled, and that a decree may be entered discharging Petitioners from any further liabilities; and

5. That Petitioners have such other and further relief as justice may require, including the right to supplement and amend these proceedings, in order to achieve justice.

Respectfully submitted,

*[signature]*

Les Cassidy
Attorney-in-Charge for Petitioner
State Bar Number: 03979270
Federal Identification: 5931
**WOOLSEY & CASSIDY, P.C.**
1020 Bank of America
500 North Water Street
Corpus Christi, Texas 78471
Telephone: (361) 887-2965
Fax: (361) 887-6521

OF COUNSEL:

**WOOLSEY & CASSIDY, P.C.**
1020 Bank of America
500 North Water Street
Corpus Christi, Texas 78471
Telephone: (361) 887-2965
Fax: (361) 887-6521

GLENN G. GOODIER
Jones, Walker, Waechter, Poitevent, Carrere
& Denegre, L.L.P.
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8174

State of Indiana

County of Clark

## AFFIDAVIT OF VALUE AND PENDING FREIGHT

BEFORE ME the undersigned authority, personally came and appeared:

DUANE KROHN

Who, after, being duly sworn, did depose and say:

I am employed by American Commercial Barge Lines LLC as a senior risk manager and as such have sufficient information to give this affidavit.

I consulted an expert in marine surveying and vessel valuation to give his opinion as to the value of the NM 315, VLB 9182, ACL 9933B and VLB 9173 on September 15, 2001. The value placed on each barge was as follows:

| | |
|---|---|
| NM 315 | $110,000.00 |
| VLB 9182 | $150,000.00 |
| ACL 9933B | $275,000.00 |
| VLB 9173 | $150,000.00 |

The freight pending on each barge on September 15, 2001 was as follows:

| | |
|---|---|
| NM 315 | $27,797.00 |
| VLB 9182 | $26,250.00 |
| ACL 9933B | $31,179.00 |
| VLB 9173 | $18,253.00 |

_____
DUANE KROHN

SWORN TO AND SUBSCRIBED BEFORE ME
ON THIS 26th DAY OF DECEMBER, 2001.

_____

KAREN R WELSH
NOTARY PUBLIC STATE OF INDIANA
CLARK COUNTY
MY COMMISSION EXP. DEC. 12, 2007

{N0765762.1}