UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN THE MATTER OF AMERICAN § <br> COMMERCIAL LINES LLC AS OWNER § <br> and AMERICAN COMMERCIAL BARGE § <br> LINE LLC AS CHARTERER OF THE § <br> BARGES NM-315, VLB-9182, § <br> ACL-9933B, VLB-9173, PRAYING § <br> FOR EXONERATION FROM AND/OR § <br> LIMITATION OF LIABILITY § | B-0-04 <br> CA NO. <br> (Subject to Rule 9(h) <br> of the Federal Rules <br> of Civil Procedure) <br> Admiralty |

### ORDER APPROVING PETITIONERS' AFFIDAVIT OF VALUE, SECURITY AND DIRECTING THE ISSUANCE OF NOTICE TO CLAIMANTS AND RESTRAINING PROSECUTION OF CLAIMS

A Complaint having been filed herein on the 11th day of January, 2002, by American Commercial Lines LLC ("ACL") and American Commercial Barge Line LLC ("ACBL") (hereafter jointly referred to as "Petitioners"), as owner and charterer respectively of the Barges NM-315, VLB-9182, ACL-9933B, and VLB-9173 (collectively referred to as the "Barges"), for exoneration from or limitation of liability pursuant to 46 U.S.C. §18e, et seq. and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure for any loss, damage, death, injury or destruction caused or resulting from or arising out of during the voyage of the Barges described in said Petition and Complaint which commenced on or about September 14, 2001 and terminated on or about September 15, 2001 when the M/V BROWN WATER V and tow came into collision with the Queen Isabela Causeway, all as more fully described by the facts and circumstances set forth in the Complaint, and ACL and ACBL having filed an Affidavit of Value of the said vessel and their pending

Page 1

freight, and having filed security therefor and for costs, all as required by the rules of this Court and the law;

NOW, THEREFORE, upon motion of ACL and ACBL, through their undersigned attorneys:

### I.

IT IS ORDERED that the Stipulation for Value of complainants' collective interest in the Barges and their pending freight in the amount of $788,479.00, with interest thereon at the rate of 6% per annum from the date thereof and for costs, executed on the 26th day of December, 2001 and secured by the appropriate Letter of Undertaking, and filed herein, be accepted as a Stipulation for Value for the purpose of the limitation proceeding and the Barges and that it be approved as to form, quantum and surety.

### II.

IT IS FURTHER ORDERED that any claimant who may properly become a party hereto may contest the amount or value of Petitioners' respective interest in the vessels, as a fixed in said affidavit, and may move the Court for due appraisal of said interest, and may apply to have the amount increased or decreased, as the case may be, on determination of the Court of the amount of the value of said interest.

## III.

IT IS FURTHER ORDERED that a notice shall be issued out of and under the seal of this Court to all persons asserting claims with respect to which the claimant seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of Court, in writing, and to serve on Petitioners' counsel, Leslie D. Cassidy, III, a copy thereof on or before the 14th day of March, 2002, or be defaulted, and if any claimants desire to contest the right to exoneration from or right to limitation of liability, he shall file and serve upon the attorney for Petitioners an Answer to the Complaint on or before the said date, unless his claim has been included in an Answer to the Complaint, so designated, or be defaulted.

## IV.

IT IS FURTHER ORDERED that the aforesaid notice shall be published in the form required by Supplemental Rule F of the Federal Rules of Civil Procedure once per week for four successive weeks prior to the date fixed for the filing of such claims in the Brownsville Herald and the Valley Morning Star, newspapers published in the Rio Grande Valley, within the Southern District of Texas, and copies of the notice shall also be mailed in accordance with Supplemental Rule F.

## V.

IT IS FURTHER ORDERED that the commencement and/or further prosecution of any action or proceeding against ACBL, ACL or any of their property, or the Barges with respect to any claim for which Petitioners seek exoneration from or limitation of liability, including any

claim arising out of or connected in any way with any loss, damage, death, injury or destruction resulting from the casualty described in the Complaint be, and the same are hereby stayed and restrained, and all prior orders, rulings, requests, proceedings, subpoenas, notices or decrees issued in conjunction with any heretofore filed suits or claims be stayed and restrained until the hearing of determination of this proceeding.

## VI.

IT IS FURTHER ORDERED that Petitioners make service of this Order as a restraining order through the United States Post Office by mailing a conformed copy thereof to the person or persons to be restrained or their respective attorneys, or alternatively by hand delivery or by overnight courier.

ENTERED at Brownsville, Texas this 31 day of July, 2002.

_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

*/s/ Les Cassidy*

Les Cassidy
Attorney-in-Charge for Petitioner
State Bar Number: 03979270
Federal Identification: 5931
**WOOLSEY & CASSIDY, P.C.**
1020 Bank of America
500 North Water Street
Corpus Christi, Texas 78471
Telephone: (361) 887-2965
Fax: (361) 887-6521

OF COUNSEL:

**WOOLSEY & CASSIDY, P.C.**
1020 Bank of America
500 North Water Street
Corpus Christi, Texas 78471
Telephone: (361) 887-2965
Fax: (361) 887-6521


GLENN G. GOODIER
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8174